ERASTUS DAVIS *vs.* SAMUEL DAVIS.

An administrator is not liable as the trustee of one entitled to a distributive share in the estate of his intestate, until after the filing and approval of his administration bond, and the delivery of letters of administration to him by the judge of probate.

Where two trustee processes are served at the same time, and judgment is recovered in each for a sum greater than the amount in the hands of the trustee, each of the creditors is entitled to one half of the funds, although their several judgments are for unequal amounts.

THIS action, which was a *scire facias* against the defendant, as the trustee of Estes Davis, was submitted to the court of common pleas, *Washburn*, J., presiding, upon an agreed statement of facts; and judgment being ordered thereon for the plaintiff, for one half of the sum in the defendant's hands, the defendant appealed therefrom to this court.

From the statement of facts, it appeared, that Estes Davis was entitled to a distributive share, amounting to two hundred dollars, in the estate of Alice Fiske, deceased, and that the defendant was her administrator; that the court of probate, at which the defendant was appointed, was held on the 11th and 12th of October, 1844, by adjournment from the first Tuesday of the same month; that the decree appointing the defendant administrator was signed by the judge of probate, at three o'clock in the afternoon of the 11th; that the defendant presented his bond, which was approved, and letters of administration granted to him, by the judge of probate, on the 12th of October, at fifty-four minutes past nine o'clock in the forenoon; that the defendant was summoned as the trustee of Estes Davis, in three actions, namely, in the original suit of the plaintiff, at thirty-one minutes past five o'clock in the afternoon of the 11th of October, again at fifty-four minutes past nine o'clock, and a third time at forty-seven minutes past ten o'clock, in the forenoon of the 12th of October, — in an action commenced by Fanny Davis, at fifty-four minutes past nine o'clock in the forenoon of the 12th of October, — and in an action commenced by Henry M. Hol-

brook, at eleven o'clock in the forenoon, and at half past five o'clock in the afternoon of the 11th of October, and, again, at forty-seven minutes past ten o'clock in the forenoon of the 12th of October; that these several actions were duly entered in the court to which the writs therein were returnable; that the defendant answered thereto, and disclosed, according to the truth of the facts, that he had no goods, effects, or credits of Estes Davis in his hands, in his individual capacity, but that the said Estes was one of the next of kin of the defendant's intestate, and as such entitled to a distributive share of her estate, and was living at her decease, as the defendant believed, — that the defendant had settled his first account in the probate office, and the judge of probate had ordered the balance in his hands, to be distributed, namely, two hundred dollars to each of the persons entitled to a share, of whom Estes Davis was one, — that the defendant had that sum in his hands as such distributive share, which he was ready to pay to such person as should be legally entitled thereto, — and that the plaintiff's writ and that of Fanny Davis were the first that were served upon him, after he had filed his bond, and received his letters of administration; that, upon such answer and disclosure, the defendant was charged as trustee in all the said suits; that judgment was rendered in favor of the plaintiff for $192·39, debt, and $24·87, costs of suit, — in favor of Fanny Davis for $630·55, debt, and $23·63 costs of suit, — and in favor of Henry M. Holbrook, for $494·85, debt, and $36·44 costs of suit; that writs of execution were duly issued on said judgment, and put into the hands of an officer for service, who demanded thereon of the defendant the money in his hands belonging to Estes Davis; that the defendant thereupon paid over to the officer the whole amount of Davis's distributive share, on the execution in favor of Henry M. Holbrook, the officer having first given the defendant a bond of indemnity; that the defendant refused to pay any thing on the executions in favor of Fanny Davis, and of the plaintiff; whereupon the plaintiff sued out this *scire facias*.

The case was argued, for the defendant, by *C. Allen* and *E. Clarke*, who cited the Rev. Sts. *c.* 64, §§ 3, 4, 5, 11; Toller's L. of Ex. (4th ed.) 87; *Lawrence* v. *Wright*, 23 Pick. 128; and, for the plaintiff, by *P. C. Bacon* and *I. M. Barton*, who cited the Rev. Sts. *c.* 63, § 5; *c.* 64, §§ 3, 4, 5, 10, 11; *c.* 66, §§ 1, 3, 5, 10, 11, 15, 21, 22, 25; *c.* 67, § 7; *c.* 68, § 6; *c.* 79, § 5; *c.* 83, § 32; *Hynde's Case*, 4 Co. 71; *Huys* v. *Wright*, Yelv. 35; *Fay* v. *Hurd*, 8 Pick. 528; *Russell* v. *Coffin*, 8 Pick. 143; *Marbury* v. *Madison*, 1 Cranch, 137; Viner's Ab. Relation, C; 1 Williams on Ex. 239; Toller, 96; 4 Burn's Ecc. L. 242.

METCALF, J. By the Rev. Sts. *c.* 109, § 62, "any debt or legacy due from an executor or administrator, and any other goods, effects or credits, in the hands of an executor or administrator, as such, may be attached in his hands, by the process of foreign attachment;" and the question in the present case is, whether an intestate's goods or effects are in the hands of his administrator, as such, before the administrator has given bond for the discharge of his trust. The answer to this question is to be sought in the statutory provisions respecting an administrator's powers, duties and liabilities.

The Rev. Sts. *c.* 64, §§ 5, 7, require that every adminis trator shall give bond, before entering on the execution of his trust; and by § 11, any one who shall sell any of the goods or effects of a deceased person, before having taken out letters testamentary or of administration thereon, and given bond as executor or administrator, shall be liable as executor in his own wrong. It is manifest, from these provisions, that an administrator has no legal authority, as administrator, to take possession of the deceased's effects, or to institute a suit to recover possession of them, until he has given bond. It is also manifest, that if such effects are in his hands, before he has given bond, he does not hold them as administrator.

There are other provisions of the statutes which show that the liabilities of an administrator, as such, are not incurred

10 *

until he has given bond for the faithful discharge of his trust. By the Rev. Sts. *c.* 66, §§ 3, 10, 25, the year, during which he is protected from actions by the creditors of his intestate, and the four years during which he continues liable to their actions, are to be computed from the time of his giving bond. And so, by *c.* 67, § 7, of the year within which he is required to render his first account of administration.

The decree of the judge of probate, appointing the defendant administrator of the estate of Alice Fisk, was in these words : " The court now decree that administration on said estate be granted to the said Samuel Davis, he giving bond, according to law, for the faithful discharge of his trust." By the terms of the decree, the giving of the bond was a condition precedent to its taking effect. The decree was passed on the 11th of October, 1844, and the defendant's bond bears the same date. But the bond took effect from the delivery, which was on the 12th of October, and not from its date.

As the defendant had not in his hands, as administrator, any goods or effects of his intestate, on the 11th of October, the service of the trustee processes upon him on that day was premature and fruitless. When the first two processes (that of the plaintiff and that of Fanny Davis) were served upon him, on the 12th of October, after he had given bond, he was trustee of Estes Davis, to the amount of two hundred dollars ; and as those processes were served simultaneously, and as each plaintiff therein recovered judgment against Estes Davis' for more than two hundred dollars, the present plaintiff is now entitled to one half of that sum, although his original judgment was for a less sum than was recovered by Fanny Davis. See *Shove* v. *Dow,* 13 Mass. 529 ; *Sigourney* v. *Eaton,* 14 Pick. 414.